**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>HARLAN PAGE CONFER, III and<br>CHARLOTTE CLUFF CONFER,<br><br>            Debtors. | Case No. 21-20167-A-13 |
| JACOB WATSON and JAMES WATSON,<br><br>            Plaintiffs,<br><br>   v.<br><br>HARLAN PAGE CONFER and CHARLOTTE<br>CLUFF CONFER,<br><br>            Defendants. | Adv. No. 21-2024-A<br><br>BHS-2 |

**MEMORANDUM**

To prevail in an action for fraud, 11 U.S.C. § 523(a)(2)(A), the plaintiffs must prove that the defendants made a representation that they knew to be false. *In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991). They must do so by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 284-285 (1991).

In proving up a default judgment, the court may accept well-pleaded facts as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F2d 915, 917 (9th Cir. 1987). But it need not do so and may require additional evidence. *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992).

Here, the plaintiffs rely on but a single sentence: "In that conversation [November 2, 2021], Mr. Confer stated he never intended to go through with the sale of [295 San Joaquin Drive, Red Bluff, California] to my brother and I." Decl. J. Watson 3:5-7, ECF No. 41. Circumstantial evidence is not helpful. As to Ms. Confer, the statement does not show fraud. As to Mr. Confer, the court is unwilling to find fraud based on a single sentence in a declaration, which purports to summarize a defendant's statement made 21 months after the events giving rise to this dispute.

The plaintiff's request for a default judgment will be denied without prejudice.

Dated: November 12, 2021

_____
Fredrick E. Clement
United States Bankruptcy Judge

2

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorney for the Plaintiff**(s) | **Attorney for the Defendants**(s) (if any) |
|---|---|
| **Trustee David P. Cusick**<br> P.O. Box 1858<br>Sacramento, CA  95812-1858 | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **Harlan and Charlotte Confer**<br>295 San Joaquin Drive<br>Red Bluff, CA  96080-2239 | |